# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

SCOTT A. HOWE                                                              PETITIONER

v.                             NO. 3:07CV00141 JLH/HDY

GAYLON LAY, Warden of the Cummins                                  RESPONDENT
Unit, Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

     The following findings and recommendation have been sent to United States
District Judge J. Leon Holmes.  Any party may serve and file written objections to these
findings and recommendation.  Objections should be specific and should include the
factual or legal basis for the objection.   If the objection is to a factual finding,
specifically identify that finding and the evidence that supports your objection.   An
original and one copy of your objections must be received in the Office of the United
States District Court Clerk no later than eleven (11) days from the date of the findings
and recommendation.  The copy will be furnished to the opposing party.  Failure to file
timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

<u>STATE COURT PROCEEDINGS</u>.  The record reflects that petitioner Scott A. Howe ("Howe") was traveling by motorcycle to visit one or more grain bins he owned when he was stopped by police officers.[1]  He became belligerent during the stop and was arrested for disorderly conduct.  The officers then searched his person and the areas in and around the nearby grain bins.[2]  Their search revealed marijuana, methamphetamine, and a number of items used to manufacture methamphetamine.  He was arrested for several drug-related criminal offenses.

During the subsequent criminal prosecution, "Howe filed a motion to suppress the evidence found on his person during the search incident to arrest and the evidence found in and around the grain bins."  See <u>Howe v. State of Arkansas</u>, 2001 WL 1506611 at 2 (Ark.Ct.App. November 28, 2001).  "The trial court granted the motion with respect to the items found inside the grain bin[s], but denied the motion as to the other items."  See <u>Id</u>.  Howe was subsequently convicted of the criminal offenses.

Howe appealed his convictions to the Arkansas Court of Appeals.  He raised the following claims on appeal:

---

[1]
    Howe testified that "he had seen some headlights down there [<u>i.e.</u>, by the grain bins] and was going to check for intruders."  See <u>Howe v. State of Arkansas</u>, 2001 WL 1506611 at 1 (Ark.Ct.App. November 28, 2001).

[2]
    One of the officers testified that the grain bins were searched in order to "check out Howe's claim that he had seen someone by his grain bins."  See <u>Id</u>. at 2.

the trial court erred in 1) denying his motion to suppress evidence seized during an impermissible and unconstitutional roadside search following an arrest for disorderly conduct in the absence of probable cause; 2) denying his motion to suppress evidence seized in a warrantless search at his farm site; 3) allowing a police officer to testify that a vacuum cleaner bag found contained methamphetamine residue when the bag had not been submitted for drug analysis; and 4) allowing hearsay testimony regarding the street value of methamphetamine to establish the requisite proof of possession of a controlled substance with intent to deliver.

See Id., at 1. The state Court of Appeals found no reversible error and affirmed his convictions.

For purposes of the findings and recommendation, the undersigned accepts as true the following assertions made by Howe: (1) following the affirmation of his convictions, he retained a new attorney ("post-conviction counsel") to assist in the preparation of a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37; (2) he retained post-conviction counsel in a timely manner;[3] (3) post-conviction counsel did nothing on Howe's behalf, specifically, post-conviction counsel never filed a petition for post-conviction relief; and (4) Howe did not learn of post-conviction counsel's inaction until after the expiration of the deadline for pursuing post-conviction relief.

FEDERAL COURT PROCEEDINGS. Howe commenced this proceeding by filing an application for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he advanced the following four claims:

---

[3]

By "timely manner," the undersigned means that the limitations period had not expired when counsel was retained.

(1) he was stopped for a simple traffic violation and a pat down search for weapons was not authorized;

(2) the police officers who stopped him did not have probable cause to arrest him for disorderly conduct and, thus, the search incident to his arrest was improper;

(3) the trial court erred in denying Howe's motion to suppress the evidence seized at his grain bins; and

(4) "[he] was targeted by the [police officers who arrested him] in seeking him out and attempting to create a factual [scenario] that would permit them to investigate further when they had no basis for a stop or a search warrant." See Document 1 at 5.

Respondent Gaylon Lay ("Lay") filed a response to the petition. He maintained that the petition should be dismissed for two reasons. First, he maintained that it is barred by the one year limitations period codified in 28 U.S.C. 2244(d). Second, he maintained that the claims contained in the petition are either procedurally barred from federal court review or were correctly decided by the state Court of Appeals.

Howe thereafter filed a reply to Lay's response. In the submission, Howe acknowledged that he had filed the petition at bar outside the limitations period. He nevertheless maintained that the limitations period was subject to equitable tolling, that the facts justified applying equitable tolling in this instance, and that his belated petition should therefore be entertained. In support of his assertions, he specifically alleged the following:

> This is a prime case where [Howe] did everything he possibly could
> have to obtain an opportunity to pursue his federal remedies. The
> equitable tolling of the statute of limitations is applicable in connection
> with this petition. Howe was entitled to the effective assistance of counsel
> and was timely and diligent in pursuing his remedies. He was denied
> access to the federal courts because the attorney he selected took his file,
> money and did nothing to help him.

See Document 3 at 5.

The undersigned then conducted a brief review of the record in this proceeding.

In the midst of that review, the undersigned began to have serious concerns whether,

in light of Stone v. Powell, 428 U.S. 465 (1976), Howe's Fourth Amendment claims could

be addressed in this proceeding. The undersigned made those concerns known to Howe

and invited him to submit a pleading in which he explained why his Fourth Amendment

claims could be addressed in this proceeding.

Howe accepted the invitation by filing the pending motion to allow for the

consideration of his Fourth Amendment claims. See Document 6. In the motion, he

represented the following:

> In the case at bar, [Howe] promptly employed and paid counsel to
> file a Writ of Habeas Corpus and in it raise his Fourth Amendment claims.
> [Howe] was unaware of any Statute of Limitations regarding the filing of
> the Writ, but kept in frequent contact with the hired counsel, within the
> Statute of Limitations, requesting that work be done. [Counsel's] refusal
> to file the Writ and in it raise [Howe's] Fourth Amendment claims after the
> persistent pleading of [Howe] resulted in an unconscionable breakdown in
> the underlying process, refusing [Howe] a hearing, and in it an opportunity
> to advance an argument, to which he was entitled.

<u>See</u> Document 6 at 3.   For these reasons, he maintained that his Fourth Amendment claims should be addressed in this proceeding.

The undersigned has now had an opportunity to thoroughly review the record in this proceeding.   On the basis of that review, the undersigned makes the following findings and recommendation with regard to Howe's petition.

<u>LIMITATIONS</u>.   Lay first maintains that Howe's petition is barred by limitations. 28 U.S.C. 2244(d) establishes a one year limitations period during which a state prisoner must commence a proceeding pursuant to 28 U.S.C. 2254.   Howe acknowledges that the petition at bar was filed outside the limitations period and is therefore untimely.   The question is whether the limitations period should be tolled.

Clearly, the limitations period is subject to equitable tolling.   <u>See</u> <u>Beery v. Ault</u>, 312 F.3d 948 (8th Cir. 2002).   "'Equitable tolling is proper only when [an] extraordinary circumstance[] beyond a [petitioner's] control make[s] it impossible to file a petition on time,' ... or when the State prevents the [petitioner] from taking more timely action, ..."   <u>See</u> <u>Id</u>. at 951 [quoting <u>Jihad v. Hvass</u>, 267 F.3d 803 (8th Cir. 2001), and <u>Kreutzer v. Bowersox</u>, 231 F.3d 460 (8th Cir. 2000)].

Howe maintains that an extraordinary circumstance beyond his control made it impossible to file a timely petition.   He maintains that the extraordinary circumstance was post-conviction counsel's complete inaction: "no action, no returned phone calls, no work done, and no diligent compliance with filing deadlines."   <u>See</u> Document 3 at 4.

"Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance ..." <u>See United States v. Martin</u>, 408 F.3d 1089, 1093 (8th Cir. 2005) [citing <u>Beery v. Ault</u>, <u>supra</u>.] The general rule has an exception, that being, when there has been "serious attorney misconduct." <u>See</u> <u>Id</u>.[4]

Has Howe shown that post-conviction counsel engaged in serious misconduct, thereby demonstrating an extraordinary circumstance beyond Howe's control and justifying the equitable tolling of the limitations period? Having thoroughly reviewed the record in this proceeding, the undersigned is not convinced that the foregoing question must be answered. Instead, the undersigned assumes, <u>arguendo</u>, that Howe has made the requisite showing and thus an extraordinary circumstance beyond his control made it impossible to file a timely petition. Given that assumption, the limitations period is not a bar to this proceeding.

---

[4]

In <u>United States v. Martin</u>, the petitioner asked his appellate attorney to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 and, in the motion, to challenge the representation afforded by his trial attorney. Sadly, the petitioner's appellate attorney did nothing. The United States Court of Appeals for the Eighth Circuit summarized appellate counsel's inaction as follows: "[appellate counsel] consistently lied to [the petitioner] and his wife about the filing deadline; repeatedly lied to [the petitioner] and his wife about the status of [petitioner's] case; refused to communicate with [the petitioner] or his family; neglected to file any documents, belated or not, on [the petitioner's] behalf; and failed to return any of [the petitioner's] paperwork to him despite repeated requests and then demands." <u>See</u> <u>Id</u>. at 1095. The petitioner subsequently filed an untimely <u>pro se</u> motion pursuant to 28 U.S.C. 2255. The district court denied the petition as untimely, and the petitioner appealed. The Court of Appeals noted "this is not a case where a petitioner has himself to blame for an untimely filing, nor are we dealing with attorney negligence, simple error, or evan abandonment." <u>See</u> <u>Id</u>. at 1096. Instead, the case presented the type of egregious attorney misconduct that "may excuse an untimely filing." <u>See</u> <u>Id</u>. at 1095. The Court of Appeals concluded that the case in fact presented such misconduct and therefore justified the equitable tolling of the limitations period.

PROCEDURAL BAR.  Lay alternatively maintains that three of the four claims advanced by Howe in his petition are procedurally barred from federal court review.  In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim in the state courts.  A procedural default occurs when a petitioner fails to present a claim to the state courts in accordance with its procedural rules and allows the state courts an opportunity to address the claim.  See Wooten v. Norris, 2006 WL 2686925 (8th Cir. 2006).[5]  The exception to the foregoing rule permits the claim to be considered if the petitioner can show cause for his failure to present the claim to the state courts in accordance with its procedural rules.

Lay specifically maintains that claims one, three, and four of Howe's petition are procedurally barred from federal court review because they were never fairly presented to the state courts.  The undersigned has thoroughly reviewed the record in this proceeding and finds that Howe fairly presented claims one and three to the state courts.  With regard to claim four, though, the undersigned finds that he failed to fairly present the claim.

---

[5]

"In order to preserve a claim for relief, a habeas petitioner must present that claim to the state court and allow that court an opportunity to address the claim.  Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir.2006) (citing Coleman v. Thompson, 501 U .S. 722, 731-32 (1991)).  Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted. Id. (citing Sawyer v. Whitley, 505 U.S. 333, 338 (1992); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.) …)."  See Wooten v. Norris, 2006 WL 2686925 at 3.

In claim four of the petition at bar, Howe maintains that "[he] was targeted by the [police officers who arrested him] in seeking him out and attempting to create a factual [scenario] that would permit them to investigate further when they had no basis for a stop or a search warrant." See Document 1 at 5.  He acknowledges in his petition that the claim was never presented to the state courts.  See Id.  He therefore procedurally defaulted in litigating the claim.  It cannot now be considered by the federal courts unless he can show cause for his procedural default.  He cannot.

Howe maintains that post-conviction counsel's refusal to act made it impossible to fairly present claim four to the state courts.  There are two problems with his assertion.  First, ineffective assistance of counsel can serve as cause for a procedural default if the claim is first presented to the state courts as an independent claim.  See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987).  It is clear, however, that Howe never presented a claim of ineffective assistance of counsel to the state courts as an independent claim.  Second, Howe could have raised claim four at trial and in his direct appeal, periods during which he was represented by counsel.  He could not have raised the claim in a petition for post-conviction relief, a period during which he was not adequately represented by post-conviction counsel, because the post-conviction remedy in the State of Arkansas is limited to issues so fundamental as to render the criminal conviction void and open to collateral attack.  See Davis v. State, 345 Ark. 161, 44 S.W.3d 726 (2001).  Claim four is not such an issue.

Given the foregoing, the undersigned is convinced that Howe cannot show cause for his procedural default of claim four.  It is therefore procedurally barred from federal court review.

HOWE'S REMAINING THREE CLAIMS.  In claims one, two, and three of the petition at bar, Howe challenges on Fourth Amendment grounds his arrest and the subsequent searches of his person and the nearby grain bins.  Specifically, in claim one, he maintains that the pat down search conducted by the police officers following his arrest was unauthorized; in claim two, he maintains that the officers did not have probable cause to arrest him and, thus, the search incident to his arrest was improper; and in claim three, he maintains that the evidence seized at his grain bins should have been suppressed.

It is well-settled that Fourth Amendment claims are not cognizable in a habeas corpus proceeding if the state afforded the petitioner a full and fair opportunity to litigate the claims.  See Stone v. Powell, 428 U.S. 465 (1976).  There are, however, two instances in which Fourth Amendment claims may be cognizable in a habeas corpus proceeding: first, when the state has provided no procedure by which the petitioner could raise his Fourth Amendment claims; and second, when the petitioner was foreclosed from using the procedure provided by the state because of an unconscionable breakdown in the system.  See Willett v. Lockhart, 37 F.3d 1265 (8th Cir. 1994), cert. denied, 514 U.S. 1052 (1995).

Howe appears to maintain that the state courts failed to adequately develop the record on his Fourth Amendment claims and, thus, did not afford him a full and fair opportunity to litigate the claims. There is at least one problem with his assertion. Willett v. Lockhart provides that the federal courts are to abstain from reviewing the record to determine whether the state courts' findings of fact are supported by the record.[6] The undersigned will do likewise and will abstain from reviewing the record.

Howe alternatively maintains that he was foreclosed from using the procedure provided by the State of Arkansas because of an unconscionable breakdown in the system, i.e., post-conviction counsel's refusal to act. There is at least one problem with his assertion. The Fourth Amendment claims were properly raised at trial and in his direct appeal, periods during which he was represented by counsel. The claims could not have been raised in the post-conviction setting, though, because that procedure is not intended to "provide a method for the review of error[s] in the conduct of the trial or to serve as a substitute for raising issues at trial or on the record on direct appeal." See White v. State, 290 Ark. 77, 716 S.W.2d 203, 203-204 (1986). Although post-conviction counsel's refusal to act was egregious, it did not prevent Howe from obtaining trial and appellate consideration of his Fourth Amendment claims.

---

[6]

In Willett v. Lockhart, the Court of Appeals stated the following: "We think that the Stone opinion, which clearly limits the scope of federal habeas review as to Fourth Amendment claims, was intended to short-circuit the district court's review of the record in such cases as well as to avoid the court's conducting anew an evidentiary hearing on the claim." See Id. at 1271.

Given the foregoing, the undersigned is convinced that the state afforded Howe a full and fair opportunity to litigate his Fourth Amendment claims.  As a result, they are not cognizable in this proceeding in accordance with Stone v. Powell.

RECOMMENDATION.  The undersigned is convinced that Howe cannot show cause for his procedural default of claim four and that the claim is procedurally barred from federal court review.  The undersigned is also convinced that with regard to claims one, two, and three, the state afforded Howe a full and fair opportunity to litigate the claims.  As a result, they are not cognizable in this proceeding in accordance with Stone v. Powell.  The undersigned therefore recommends the following: (1) Howe's motion to allow for the consideration of his Fourth Amendment claims be denied, (2) his petition for writ of habeas corpus be dismissed and all requested relief be denied, and (3) judgment be entered for Lay.

DATED this ___14___ day of January, 2008.


_____
UNITED STATES MAGISTRATE JUDGE